```
                  IN THE UNITED STATES DISTRICT COURT
                  FOR THE SOUTHERN DISTRICT OF TEXAS
                             HOUSTON DIVISION


CHARLES B. VAN DUZER and          §
CANDACE B. VAN DUZER,             §
                                  §
     Plaintiffs,                  §
                                  §
v.                                §    CIVIL ACTION NO. H-10-490
                                  §
HOMECOMINGS FINANCIAL, L.L.C.,    §
MORTGAGE ELECTRONIC               §
REGISTRATION SYSTEMS, INC.,       §
RESIDENTIAL FUNDING COMPANY,      §
LLC, GMAC MORTGAGE, LLC, and      §
UNKNOWN CLAIMANTS,                §
                                  §
     Defendants.                  §
```

## MEMORANDUM AND ORDER

Pending are Defendants Residential Funding Company LLC's and GMAC Mortgage, LLC's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion to Dismiss for Failure to State a Claim (Document No. 3), Plaintiffs Charles B. Van Duzer's and Candace B. Van Duzer's Motion to Remand (Document No. 4), Plaintiffs' Motion to Strike Defendants Residential Funding Company LLC and GMAC Mortgage, LLC's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion to Dismiss for Failure to State a Claim (Document No. 7), and Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Document No. 19).  After reviewing the motions, responses, and the applicable law, the Court concludes that the case should be remanded.

I.  Background

*Pro se* Plaintiffs Charles and Candace Van Duzer brought this suit in state court to quiet title to approximately 25 acres of land they allege to own,[1] of which they claim five acres are homestead. Defendants Residential Funding Company, LLC ("Residential") and GMAC Mortgage, LLC ("GMAC") removed the case to this Court, alleging federal question and diversity jurisdiction.[2] Plaintiffs have moved to remand, asserting, among other things, that "[t]he removal notice was not joined by all of the defendants."[3]

II.  Remand

A.  Standard of Review

Under 28 U.S.C. § 1441, an action filed in state court may be removed to federal court when (1) federal jurisdiction exists and

---

[1] *See* Document No. 1, ex. A at 2-3 (Plaintiffs' Orig. Pet.).

[2] *See* Document No. 1.

[3] Document No. 4 at 2. Plaintiffs also argued that the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, which they allege in their petition that Defendants violated, provides them with their choice between federal and state court. However, this argument fails because TILA does not expressly provide that actions cannot be removed. *See, e.g.*, Mitchell v. JP Morgan Chase Bank, No. 3:06-cv-02307-R, 2007 WL 636157, at *1-2 (N.D. Tex. Mar. 2, 2007) (holding the jurisdictional section of TILA does not expressly bar removal); Chevy Chase Bank, F.S.B. v. Carrington, No. 6:09-cv-2132-Orl-31GJK, 2010 WL 427413, at *1-2 (M.D. Fla. Feb. 1, 2010) (same).

(2) the removal procedure is followed. 28 U.S.C. § 1441. The removing party bears the burden of establishing that federal jurisdiction exists over the controversy. Winters v. Diamond Shamrock Chem. Co., 149 F.3d 387, 397 (5th Cir. 1998). Even if federal jurisdiction exists, a federal court cannot hear a removed case unless the removal procedure is followed properly. Royal v. State Farm Fire & Cas. Co., 685 F.2d 124, 127 (5th Cir. 1982). Under 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty days after the defendant receives proper service of a summons which indicates the case is or may be removable. 28 U.S.C. § 1446(b). The "rule of unanimity" requires that all then-served defendants, or defendants who have waived service, either join in the notice of removal or timely file written consent to removal into the record. *See* Jacob v. Greyhound Lines, Inc., No. Civ. A. 02-2199, 2002 WL 31375612, at *6 (E.D. La. Oct. 21, 2002) (Vance, J.); Getty Oil Corp. v. Ins. Co. of N.A., 841 F.2d 1254, 1262 & nn.9, 11 (5th Cir. 1988). It is not necessary that each defendant sign the original petition of removal; however, "there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." Getty Oil, 841 F.2d at 1262 n.11. Any doubt about the propriety of the removal is to be resolved strictly in favor of remand. Acuna v.

Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000); Walters v. Grow Group, Inc., 907 F. Supp. 1030, 1032 (S.D. Tex. 1995).

B.   Discussion

In response to Plaintiffs' assertion that not all defendants joined the removal, Residential and GMAC contend:

> The Plaintiffs present no evidence in their Motion for Remand that any defendants other than Residential Funding and GMAC had been served at the time of removal.  To the contrary, the Court's docket does not reflect service upon any other party, and no other defendant has appeared or answered as of this date.[4]

It is Residential and GMAC, however, and not Plaintiffs, who bear the burden of showing the propriety of removal, which includes proof that other non-joining defendants had not been served when the case was removed.  *See* Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) ("The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."); *see also* Andreshak v. Serv. Heat Treating, Inc., 439 F. Supp. 2d 898, 902 (E.D. Wis. 2006) ("Even assuming that [removing defendants] could cure the defective removal notice by later arguing that joinder of [another defendant] was unnecessary because he had not been served at the time of removal

---

[4] Document No. 5 at 4.

. . . [the removing defendants] have failed to establish that as fact.").

Two items of record undermine Defendants' position. First, although Residential and GMAC asserted in their Notice of Removal that, "[o]n information and belief and according to the records of the Montgomery County District Court, *no defendants have been served*,"[5] there is proof attached to the Notice of Removal itself that at least *one* defendant had been served, namely, Residential. That attachment is a "Notice of Service of Process" addressed to Residential by its own registered agent for service, Corporation Service Company, reporting that it was served in 02/12/2010, and that Residential's answer or appearance was due by 10:00 a.m. on the Monday next following 20 days after service.[6] Residential, of course, was a removing defendant which obviously consented to removal, but the fact that the district court's records nonetheless reflected "no defendants have been served," as Residential represented, was sufficient to alert Residential not to rely on the clerk's records, which it had reason to know were not current and accurate, in ascertaining whether other defendants also had been

---

[5] Id. at 2.

[6] Document No. 1, ex. B.

served and were therefore required to join in its Notice of Removal.[7]

Second, Residential's and GMAC's most recent representation to the Court, made in a footnote to their August 23, 2010 Motion to Dismiss Plaintiffs' Amended Complaint (Document No. 19), appropriately discloses:

> The undersigned has been informed verbally by the state court clerk that Homecomings Financial, LLC ("Homecomings"), a wholly-owned subsidiary of Residential Funding, LLC, may have been served with Plaintiffs' state court Petition on February 10, 2010.  The undersigned is awaiting a copy of the alleged return of service.  If Homecomings was in fact served, it consents to removal and joins in this Motion to Dismiss.[8]

---

[7] The better practice for a removing defendant is always directly to contact the other defendants to learn if they have been served and, if so, if they will join in a Notice of Removal.  In connection with this, the Court observes that Defendant GMAC did join in the removal although no evidence has been submitted of a public record of its having been served with process.

[8] Document No. 19 at 1 n.1.  The Court notes that, in the Fifth Circuit, consent to removal must be made within thirty days of service upon the first-served defendant.  *See* Getty Oil, 841 F.2d at 1262-63.  Homecomings's putative consent, first stated in writing on the record on August 23, 2010, comes too late to render removal procedurally proper if Homecoming was served, as the state court clerk has suggested, on February 10, 2010.  Moreover, there is no evidence of the kind of bad faith on Plaintiffs' part that the Fifth Circuit recognizes constitute "exceptional circumstances" that would permit late consent to removal. *See* Gillis v. La., 294 F.3d 755, 759 (5th Cir. 2002) ("unique" and "exceptional" facts of case justify equitable extension of removal period where defendant corporation could consent only with authorization from a board meeting, and the meeting could not be scheduled within the thirty-day removal period because the chairman of the board, *a plaintiff in the matter*, created scheduling conflicts); Doe v. Kerwood, 969 F.2d 165, 169 (5th Cir. 1992) (exceptional circumstances could theoretically exist if a situation arises where a plaintiff

Residential and GMAC did not remove the case until February 18, 2010, more than week *after* Homecomings "may have been served." On this doubt-filled record, the Court has no confidence, and can make no finding, that all defendants who had been served at the time of removal consented to the removal or that all served defendants consented within 30 days after service on the first-served defendant. *See* Getty Oil, 841 F.2d at 1262. Because all doubts must be resolved in favor of remand, the Court determines that remand is appropriate. *See* Andreshak, 439 F. Supp. 2d at 902-903 (remanding for procedurally improper removal where only two of three defendants joined in removal, and the date of service of the third defendant was unclear; from the record, the court had "no idea when [the third defendant] was served, and thus the burden of establishing federal jurisdiction kick[ed] in"); Anglada v. Roman, No. 06 Civ. 10173(SHS), 2006 WL 3627758, at *1-2 (S.D.N.Y. Dec. 12, 2006) (remanding case where removing defendant did not timely obtain consent of co-defendants, even though removing defendant found no returns of service upon checking state court records; the co-defendants had in fact been served two weeks prior to the notice of removal, although returns had not been docketed in state court); *see also* Prowell v. W. Chem. Prods., 678 F. Supp. 553, 554-55 (E.D. Pa. 1988) (remanding case for removing defendant's failure to

---

withholds service on the only defendant who could remove the case until 30 days after effecting service on the other defendants).

obtain consent of served co-defendants, although neither plaintiffs nor the state court docket gave notice that the co-defendants had in fact been served; removal statute "places no burden upon plaintiff to come forward" with information regarding service, as the burden is instead "upon the defendants to comply with the requirements for removal").[9]

### III. Order

For the foregoing reasons, this case must be remanded to state court, and it is therefore

---

[9] Moreover, although the exercise of "reasonable diligence" does not excuse non-compliance with the statute, it appears that Residential and GMAC did not exercise reasonable diligence. *See* Pianovski v. Laurel Motors, Inc., 924 F. Supp. 86, 87 (N.D. Ill. 1996) (holding that a phone call to the state court clerk and checking the state court docket for a return of service or appearance did not demonstrate diligence; the removing defendant should have attempted to contact the other defendant, which was "eminently reasonable" in light of the removing defendant's awareness that the state court clerk normally takes three days to enter a document in its computer, and another five weeks to place it in the court file). Also, it would have been a simple matter for the removing defendants to contact Homecomings, Residential's "wholly-owned subsidiary," and who apparently is represented by the same attorneys as Residential and GMAC, to determine whether Homecomings had been served. *See* Harlow Aircraft Mfg., Inc. v. Dayton Mach. Tool Co., No. 04-1377-JTM, 2005 WL 1153600, at *3 (D. Kan. May 16, 2005) (removing defendant "should have known that plaintiff served" the other defendant because it "could have easily contacted" the other; the removing defendant had recently acquired the other defendant and both defendants were represented by the same counsel); Keys by Wash. v. Konrath, No. 93 C 7302, 1994 WL 75037, at *2 (N.D. Ill. Mar. 10, 1994) (finding lack of reasonable diligence where "one attorney was representing both defendants and he failed to take the simple step of asking [one] whether he had been served before filing the removal petition.").

ORDERED that Plaintiffs Charles B. Van Duzer's and Candace B. Van Duzer's Motion to Remand (Document No. 4) is GRANTED, and this case is REMANDED to the 410th Judicial District Court of Montgomery County, Texas.

The Clerk will mail a certified copy of this Order to the Clerk of the 410th Judicial District Court of Montgomery County, Texas, as required by 28 U.S.C. § 1447, and shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 27th day of September, 2010.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE